**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.

OTIS WILSON AND DESHONNA WILSON,

    Plaintiffs,

v.

LAW OFFICES OF POPKIN & ROSALER, P.A., U.S. BANK NATIONAL ASSOCIATION, AND BANK OF AMERICA, N.A.,

    Defendants.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, FLA. STAT. § 559.72. (hereafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, Otis Wilson and DeShonna Wilson, ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Pinellas, and City of Clearwater.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Law Offices of Popkin & Rosaler, P.A. ("P&R"), is a professional association who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant, U.S. Bank National Association ("U.S. Bank"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by the FCCPA.

8. Defendant, Bank of America, N.A. ("BOA"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by the FCCPA.

9. Defendant Law Offices of Popkin & Rosaler, P.A. is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&R, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or

household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

12. P&R uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Plaintiffs filed for bankruptcy on January 25, 2010, and in the bankruptcy petition, listed under "SCHEDULE A – REAL PROPERTY", was Plaintiffs' residential home located at 1719 N. 134th Ave. Largo, FL 33778.  (the "Real Property").  *See* Petition and Schedule A, attached hereto as Exhibit "A."

14. In Plaintiffs' January 25, 2010 bankruptcy petition, under "SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS", Plaintiffs listed BOA as Servicing Agent for the first mortgage.  *See* Schedule D, attached hereto as Exhibit "B."

15. In Plaintiffs' January 25, 2010 bankruptcy petition, under "CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION", Plaintiffs intended that the Real Property be surrendered to BOA, the Servicing Agent for the Real Property's first mortgage.  *See* Chapter 7 Individual Debtor's Statement of Intention, attached hereto as Exhibit "C."

16. After surrendering the Real Property, Plaintiffs were granted a bankruptcy discharge on April 27, 2010.  *See* Discharge Order, attached hereto as Exhibit "D."

17. Despite the fact that Plaintiffs were granted a bankruptcy discharge on April 27, 2010 and that the Real Property had been surrendered, in connection with the collection of an alleged debt in default, P&R, itself and on behalf of BOA and Defendant U.S. Bank, initiated an action to foreclose a mortgage on real property ""1719 N. 134th Ave. Largo, FL 33778" on November 18, 2011.  *See* U.S. Bank's Verified Complaint, attached hereto as Exhibit "E."

18. The November 18, 2011 complaint stated, in relevant parts:

"Defendant(s), OTIS WILSON AND DESHONNA WILSON, owe(s) Plaintiff $235,132.23 that is due in principal on the note and mortgage, interest from March 01, 2009, and title search expense for ascertaining necessary parties to this action. Said indebtedness has been accelerated pursuant to the terms of the subject note and mortgage.

\* \* \* \*

…requests a judgment foreclosing the mortgage and subordinate liens and Unknown Spouse and Tenant(s) in Possessions' interests in the property and, if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment, if borrower(s) has not been discharged in bankruptcy, its costs and reasonable attorney's fees."

19. By demanding payment of an alleged debt that was discharged in bankruptcy, P&R, BOA, and U.S. Bank falsely represented the character, amount, or legal status of Plaintiffs' alleged debt.

20. By initiating a lawsuit after Plaintiffs were granted a discharge in bankruptcy, P&R, BOA, and U.S. Bank took an action against Plaintiffs that cannot be legally taken.

21. BOA sent Plaintiffs correspondence dated May 31, 2012 asserting that BOA was placing "Lender-Placed Insurance at [Plaintiffs'] expense in the amount of $3,541.58" on the Real Property. *See* Correspondence, attached hereto as Exhibit "F."

22. BOA asserted the existence of a legal right to place insurance on the Real Property at Plaintiffs' expense after Plaintiffs were granted a discharge in bankruptcy despite knowledge that the right did not exist.

23. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

**DEFENDANT P&R**

24. Plaintiffs repeat and re-allege each and every allegation contained above.

25. P&R violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt by filing a lawsuit against Plaintiff to collect an alleged debt previously discharged in bankruptcy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that P&R violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**DEFENDANT P&R**

26. Plaintiffs repeat and re-allege each and every allegation contained above.

27. P&R violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken when filing a lawsuit against Plaintiff to collect an alleged debt previously discharged in bankruptcy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that P&R violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT P&R

28. Plaintiffs repeat and re-allege each and every allegation contained above.

29. P&R violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt, including but not limited to: demanding an alleged debt that was discharged in bankruptcy and initiating a lawsuit after Plaintiffs were granted discharge in bankruptcy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that P&R violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST P&R

30. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, all paragraphs of this complaint.

31. P&R violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist by filing a lawsuit against Plaintiffs to collect an alleged debt previously discharged in bankruptcy.

32. As a result of Defendant's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, Otis Wilson and DeShonna Wilson, by and through their attorneys, respectfully pray for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

### COUNT V
### VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
### AGAINST U.S. BANK

33. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, all paragraphs of this complaint.

34. U.S. Bank violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist by filing a lawsuit against Plaintiffs to collect an alleged debt previously discharged in bankruptcy.

35. As a result of Defendant's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, Otis Wilson and Dishonor Wilson, by and through their attorneys, respectfully pray for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST BOA

36. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, all paragraphs of this complaint.

37. BOA violated FLA. STAT. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist by filing a lawsuit against Plaintiffs to collect an alleged debt previously discharged in bankruptcy and asserting that it could legally place insurance on the Real Property at Plaintiffs' expense.

38. As a result of Defendant's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, Otis Wilson and Dishonor Wilson, by and through their attorneys, respectfully pray for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

39.     Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 18th day of July, 2012.

      Respectfully submitted,
      OTIS AND DESHONNA WILSON


By: /s/Alex D. Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFFS
    5722 S. Flamingo Rd, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com